**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DRESSER-RAND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>Defendants. | C.A. No. 22-mc-00347-UNA |

**OPENING BRIEF IN SUPPORT OF**
**DRESSER-RAND COMPANY'S MOTION FOR AN ORDER**
**<u>AUTHORIZING A WRIT OF ATTACHMENT *FIERI FACIAS*</u>**

Dated:   October 31, 2022

>Brian M. Rostocki (No. 4599)
>REED SMITH LLP
>1201 Market Street, Suite 1500
>Wilmington, DE 19801
>(302) 778-7500
>brostocki@reedsmith.com
>
>*Counsel for Plaintiff*
>*Dresser-Rand Company*

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ............................................................................... 1

SUMMARY OF ARGUMENT ...................................................................................................... 2

STATEMENT OF FACTS ............................................................................................................. 3

ARGUMENT .................................................................................................................................. 4

I. The PDVH Shares are Subject to Attachment ..................................................................... 4

    A. Delaware Law Permits the Attachment of the PDVH Shares ................................. 4

    B. The PDVH Shares are Exempt from Immunity Under the FSIA ........................... 5

        1. PDVSA is Engaged in "Commercial Activity" in the United States ............. 6

        2. PDVSA has Waived Immunity From Attachment and Execution ................ 8

        3. A Reasonable Amount of Time Has Passed Since Entry of Judgment ......... 8

II. Sanctions Do Not Bar the Requested Relief ...................................................................... 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                       **Page(s)**

*ACL1 Invs. Ltd. et al. v. Bolivarian Republic of Venez.*,
C.A. No. 1:21-mc-00046 (D. Del. Feb 05, 2021) ................................................................. 9

*Alberta Sec. Comm'n v. Ryckman*,
2015 WL 2265473 (Del. Super. Ct. May 5, 2015), *aff'd*, 127 A.3d 399 (Del. 2015) ................................................................................................................................. 5

*BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*,
195 F. Supp. 3d 776 (D. Md. 2016) ..................................................................................... 8

*Capital Ventures Int'l v. Republic of Arg.*,
552 F.3d 289 (2d Cir. 2009) ................................................................................................. 8

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
2017 U.S. Dist. LEXIS 221611 (D.D.C. June 9, 2017) .................................................. 9, 10

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
2021 U.S. Dist. LEXIS 7793 (D. Del. Jan. 14, 2021) .......................................................... 9

*Crystallex International Corp. v. Bolivarian Republic of Venezuela.*,
333 F. Supp. 3d 380 (D. Del. 2018) ..................................................................................... 7

*Dresser-Rand Co. v. Petroleós De Venezuela*,
2021 U.S. Dist. LEXIS 236098, . (S.D.N.Y. 2021) ........................................................ 3, 4

*Northrop Grumman Ship Systems, Inc. v. The Ministry of Def. of the Republic of Venez.*,
C.A. No. 1:20-mc-00257 (D. Del. Jul 31, 2020) ................................................................. 9

*Official Stanford Inv'rs Comm. v. Antigua & Barbuda*,
2015 U.S. Dist. LEXIS 197705 (N.D. Tex. July 15, 2015) ................................................. 8

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*,
419 F. Supp. 3d 51 (D.D.C. 2019) ....................................................................................... 9

*OI European Grp. B.V, et al., v. Bolivarian Republic of Venez., et al.*,
C.A. No. 22-8027 (3d Cir. May 16, 2022) ........................................................................ 10

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
2022 U.S. Dist. LEXIS 36631 (D. Del. Mar. 2, 2022) .............................................. 1, 3, 10

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
C.A. No. 1:19-mc-00290 (D. Del. Nov 04, 2019) ............................................................... 9

*Owens v. Republic of Sudan*,
    141 F. Supp. 3d 1 (D.D.C. 2015) ............................................................................................9

*Phillips Petroleum Co. Venez. Ltd. et al. v. Petroleos de Venez., S.A. et al.*,
    C.A. No. 1:19-mc-00342 (D. Del. Nov 26, 2019) ................................................................5, 9

*Red Tree Invs., LLC v. Petroleos de Venez., S.A. et al.*,
    C.A. No. 1:22-mc-00068 (D. Del. Feb 08, 2022) ....................................................................9

*Republic of Arg. v. Weltover, Inc.*,
    504 U.S. 607 (1992) ..............................................................................................................6, 7

*T & H Bail Bonds, Inc. v. Preferred Inv. Servs.*,
    2016 Del. Super. LEXIS 8 (Del. Super. Ct. Jan. 4, 2016) .........................................................4

*Tidewater Inv. SRL et al. v. Bolivarian Republic of Venez.*,
    C.A. No. 1:19-mc-00079 (D. Del. Apr 03, 2019) ..................................................................10

*Walker Int'l Holdings Ltd. v. Congo*,
    395 F.3d 229 (5th Cir. 2004) ....................................................................................................8

**Statutes**

8 *Del. C.* § 169 .................................................................................................................................5

8 *Del. C.* § 324 .................................................................................................................................1

8 *Del. C.* § 324(a) .....................................................................................................................2, 4, 5

10 *Del. C.* § 5031 ..................................................................................................................... passim

28 U.S.C. § 1603(d) .........................................................................................................................6

28 U.S.C. § 1609 ..............................................................................................................................4

28 U.S.C. § 1610 ..........................................................................................................................1, 5

28 U.S.C. § 1610(a) ......................................................................................................................6, 7

28 U.S.C. § 1610(b) ................................................................................................................ passim

28 U.S.C. § 1610(c) .........................................................................................................................3

**Rules**

Fed. R. Civ. P. 69 ..........................................................................................................................1, 2

Fed. R. Civ. P. 69(a)(1) ....................................................................................................................4

**Other Authorities**

*Black's Law Dictionary* 270 (6th ed. 1990)...................................................................................6

Plaintiff Dresser-Rand Company ("D-R") submits this Opening Brief in Support of its Motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 69, 10 *Del. C.* § 5031, 8 *Del. C.* § 324, and Section 1610 of the Foreign Sovereign Immunities Act (the "FSIA"), for an order authorizing the eventual issuance of a writ of attachment *fieri facias* against the shares of the Delaware corporation PDV Holding, Inc. ("PDVH"), which are owned by judgment debtor Petróleos de Venezuela S.A. ("PDVSA").

## NATURE AND STAGE OF PROCEEDINGS

In December 2021, D-R obtained a judgment in the United States District Court for the Southern District of New York against PDVSA in an amount of over $166 million. Since that time, PDVSA has made no effort to satisfy the judgment. To the contrary, if PDVSA's steadfast opposition to the collection efforts of its other judgment creditors is any indication, PDVSA will affirmatively resist any effort to compel PDVSA to pay its debt.

D-R brings this Motion to initiate the process that will enable D-R to attach PDVSA's principal asset—its shares in PDVH (the "PDVH Shares")—at a future date in satisfaction of its judgment. Whether and to what extent a judgment creditor of PDVSA (or of the Republic of Venezuela) may enforce its judgment through attachment and execution is an issue that has been before this Court on numerous occasions over the past five years. In particular, the availability of the PDVH Shares for attachment and execution in satisfaction of such a judgment was decided by this Court in March of this year: the Court may take preliminary steps towards allowing a judgment creditor to enforce its judgment, notwithstanding the prevailing sanctions administered by the Office of Foreign Assets Control ("OFAC"), provided that the judgment creditor can satisfy the requirements for attachment under both Delaware law and the FSIA. *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2022 U.S. Dist. LEXIS 36631, at *1 (D. Del. Mar. 2, 2022). No actual attachment, however, is permitted at this time. *Id.* at *3.

Consistent with that decision, and as set forth below, D-R can establish all of the requirements for attachment. Specifically, Delaware law permits the attachment and garnishment of the PDVH shares, and each of the FSIA's prerequisites for attachment of the assets of an instrumentality of a foreign state are met: (i) the PDVH Shares constitute property located in the United States; (ii) PDVSA is engaged in commercial activity in the United States; (iii) PDVSA has expressly waived its sovereign immunity, and (iv) a reasonable amount of time has elapsed since entry of D-R's judgment. D-R is therefore entitled to the same relief afforded to PDVSA's other judgment creditors—an order authorizing the eventual issuance of a writ of attachment, conditioned upon either D-R obtaining a license from OFAC, or the sanctions being lifted or appropriately modified.

## SUMMARY OF ARGUMENT

1. Under Federal Rule of Civil Procedure Rule 69, the procedure on execution of a judgment by writ of execution "must accord with the procedure of the state where the court is located." Delaware authorizes the attachment against a judgment debtor's property in the hands of a third party, 10 *Del. C.* § 5031, and the attachment of the judgment debtor's shares in a Delaware corporation to satisfy a judgment. 8 *Del. C.* § 324(a). Thus, D-R, as judgment creditor of judgment debtor PDVSA, may attach the PDVH Shares to satisfy its judgment.

2. All of the requirements of the FSIA are satisfied:

   a. PDVSA owns "property in the United States"—*i.e.*, the PDVH shares, located in Delaware. 28 U.S.C. § 1610(b).

   b. PDVSA is "engaged in commercial activity in the United States" through, *inter alia*, its continued use of the PDVH shares to conduct business in the United States. *Id.*

      c. PDVSA has expressly waived immunity from attachment and execution in the Note Agreement (as defined herein). *Id.*

      d. A reasonable period of time—over ten months—has passed since entry of D-R's judgment against PDVSA. 28 U.S.C. § 1610(c).

3. The existing OFAC sanctions regime permits the Court to authorize the eventual issuance of a writ of attachment *fieri facias* against the PDVH shares, *see* Siev Decl., Ex. 1, conditioned upon either D-R obtaining a license from OFAC, or the lifting of the relevant sanctions. *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2022 U.S. Dist. LEXIS 36631, at *25 (D. Del. Mar. 2, 2022).

## STATEMENT OF FACTS

On January 20, 2017, D-R, as Noteholder and Administrative Agent, and PDVSA, as Issuer, entered into a Note Agreement (the "Note Agreement") and corresponding Note (the "Note"). *See Dresser-Rand Co. v. Petroleós De Venezuela*, 2021 U.S. Dist. LEXIS 236098, at *2. (S.D.N.Y. 2021). Under the Note Agreement and Note, PDVSA agreed to pay D-R the principal sum of $119,645,069.70, with annual interest at a rate of 6.5% and default interest at a rate of 8.5%. *Id.* After making its first two quarterly interest payments, PDVSA failed to make any remaining payments. *Id.* at *3.

In February 2019, D-R brought an action in New York state court against PDVSA and guarantor PDVSA Petróleo, S.A. ("Petróleo"), which PDVSA and Petróleo removed to the U.S. District Court for the Southern District of New York (the "SDNY Court"). *See Dresser-Rand Co. v. Petroleós De Venezuela, et al.*, C.A. No. 19-cv-02689 (S.D.N.Y.), at D.I. 1. On February 11, 2020, the SDNY Court granted summary judgment against Petróleo, and on May 29, 2020, the SDNY Court entered judgment against Petróleo in the amount of $149,517,709.96. *Id.*, at D.I. 59, 79. On December 9, 2021, following a bench trial, the SDNY Court entered judgment against

3

PDVSA in the amount of $166,082,240.21, plus post-judgment interest at a rate of 8.5% per annum. *Id.*, at D.I. 152. On August 12, 2022, the SDNY Court granted D-R leave to register its judgment against PDVSA in this District. *Id.*, at D.I. 166. D-R did so on August 16, 2022. Neither PDVSA nor Petróleo has paid any part of the judgments entered against them. Siev Decl. ¶ 7.

## ARGUMENT

**I.     The PDVH Shares are Subject to Attachment**

Federal Rule of Civil Procedure Rule 69(a)(1) authorizes a judgment holder to enforce its judgment by a writ of execution, provided that the procedure on execution "accord[s] with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Where, as here, the property to be attached belongs to an instrumentality of a foreign sovereign, a judgment holder must also establish that the property is not immune from attachment under the FSIA. *See* 28 U.S.C. § 1609. As set forth below, D-R may attach the PDVH shares under Delaware law and in full compliance with the FSIA.

**A.     Delaware Law Permits the Attachment of the PDVH Shares**

Delaware law permits the issuance of a writ of attachment *fieri facias* in cases where the judgment debtor's property is in the possession of a third party—referred to as the "garnishee." *See* 10 *Del. C.* § 5031. Delaware law also expressly contemplates the attachment of shares of a corporation. *See* 8 *Del. C.* § 324(a); *see also T & H Bail Bonds, Inc. v. Preferred Inv. Servs.*, 2016 Del. Super. LEXIS 8, at *2 (Del. Super. Ct. Jan. 4, 2016) (citations omitted) ("[W]hen the property attached is not to be physically seized, but is in the possession or control of another, or if the thing to be attached is not such property as is susceptible of seizure, such as rights and credits, the sheriff must summon the person who has [property] of the defendant in his possession … to appear at the court to which the writ is returnable, and declare what property of the defendant he has in his hands.").

PDVSA has repeatedly admitted that it is the sole owner of the PDVH Shares in numerous actions brought by other creditors of PDVSA and the Republic of Venezuela. *See, e.g.*, *Crystallex Int'l Copr.*, C.A. No. 17-mc-00151, D.I. 26, at 9 ("PDVSA owns 100% of the shares of PDVH."); *Phillips Petroleum Co. Venez. Ltd.*, C.A. No. 1:19-mc-00342, D.I. 11, at 1 (referring to "PDVSA's shares of PDVH"). Thus, as property of a judgment debtor in possession of a third party, the PDVH Shares are subject to attachment and execution under Delaware law. *See* 10 *Del. C.* § 5031 ("The plaintiff in any judgment in a court of record, or any person for such plaintiff lawfully authorized, may cause an attachment, as well as any other execution, to be issued thereon, containing an order for the summoning of garnishees, to be proceeded upon and returned as in cases of foreign attachment."); 8 *Del. C.* § 324(a) ("The shares of any person in any corporation ... may be attached under this section for debt, or for other demands ….").

### B. The PDVH Shares are Exempt from Immunity Under the FSIA

The FSIA contains an exception to the general rule that property of an instrumentality of a foreign state located in the United States is immune from attachment and execution. 28 U.S.C. § 1610. As applicable here, if the instrumentality (i) is engaged in "commercial activity" in the United States, (ii) "has waived its immunity from attachment in aid of execution or from execution," and (iii) if a "reasonable period has elapsed following the entry of judgment," then its property located in the United States is subject to attachment and execution. *Id.* § 1610(b), (c).

As a threshold matter, the PDVH Shares are unquestionably property located in the United States. Under Delaware law, when determining the location of shares of a corporation for purposes of attachment, "the situs of the ownership of the capital stock of all corporations existing under the laws of [Delaware] … shall be regarded as in [Delaware]." 8 *Del. C.* § 169. As PDVH is a Delaware corporation, *see* Siev Decl. Ex. 6, the PDVH Shares are thus "regarded as in [Delaware]," and therefore constitute property located in the United States. *See Alberta Sec.*

5

*Comm'n v. Ryckman*, 2015 WL 2265473, at *10 (Del. Super. Ct. May 5, 2015), *aff'd*, 127 A.3d 399 (Del. 2015) ("For attachment and garnishment purposes, the situs of ownership in a Delaware corporation is Delaware.").

As set forth below, each of the remaining conditions for attachment of the property of an instrumentality of a foreign state under the FSIA are satisfied.

### 1. PDVSA is Engaged in "Commercial Activity" in the United States

While a judgment holder seeking attachment of a foreign state's property must show that the specific property to-be-attached is "used for a commercial activity in the United States," 28 U.S.C. § 1610(a), to attach the property of an instrumentality of a foreign state, the judgment holder need only show that the instrumentality itself is "engaged in commercial activity in the United States." 28 U.S.C. § 1610(b). Thus, it is enough that PDVSA is engaged in commercial activity in the United States; D-R need not show that PDVSA used the PDVH Shares for a commercial activity in the United States.

The FSIA defines "commercial activity" as:

> either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

28 U.S.C. § 1603(d). The United States Supreme Court has explained that "when a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA." *Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 614, (1992). The key inquiry is whether the actions at issue "are the *type* of actions by which a private party engages in trade and traffic or commerce." *Id.* (quoting *Black's Law Dictionary* 270 (6th ed. 1990)).

Under this definition, PDVSA is plainly engaged in commercial activity in the United States. The Note Agreement and Note, which were executed in the United States (New York), are testament to this fact. *See* Siev Decl. Ex. 4 § 2.01(a). The Note Agreement represents an agreement to novate a number of unpaid invoices owed by PDVSA and/or its affiliates to D-R and/or its affiliates into a single Note. *Id.* § 2.01(b) ("On the Effective Date … the outstanding Novated Receivables held by [D-R] shall be … converted into the Initial Note issued by [PDVSA] … in a principal amount equal to the aggregate outstanding amount of such Novated Receivables held by [D-R] as of the Effective Date …."). The consolidation of PDVSA's debt to D-R into a single Note—as well as PDVSA's accrual of the underlying debt—is precisely the type of action by which a private party engages in commerce in the United States. *Cf. Weltover*, 504 U.S. at 615 (holding that a foreign state's issuance of "garden-variety debt instruments" that "may be held by private parties," "are negotiable and may be traded on the international market," and "promise a future stream of cash income" constituted "commercial activity" within the meaning of the FSIA.).

Indeed, in *Crystallex International Corp. v. Bolivarian Republic of Venezuela.*, this Court held that the Republic of "Venezuela—through PDVSA—uses the [PDVH] [S]hares to appoint directors, approve contracts, and pledge assets as security for PDVSA's debt," which constituted "commercial activity" under 28 U.S.C. § 1610(a). 333 F. Supp. 3d 380, 418 (D. Del. 2018). The facts upon which the Court's finding was based—that "PDVSA owns 100% of the shares of PDVH … which in turn owns 100% of the shares of CITGO Holding, Inc.," *id.* at n.36—are the same as those before the Court now. Therefore, because this Court has already determined that PDVSA was using the PDVH Shares "for commercial activity in the United States," it necessarily follows that PDVSA is "engaged in commercial activity in the United States." *Id.* at 415-16.

### 2. PDVSA has Waived Immunity From Attachment and Execution

It is well established that a foreign state or the instrumentality of a foreign state may waive its immunity from suit under the FSIA by contract. *See, e.g.*, *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 195 F. Supp. 3d 776, 794 (D. Md. 2016) ("A foreign state is not immune from suit under the FSIA if it has waived immunity either explicitly or by implication. … Explicit waiver occurs … when a foreign state … waives its immunity in a contract with a private party[.]" (quotations omitted)); *Official Stanford Inv'rs Comm. v. Antigua & Barbuda*, 2015 U.S. Dist. LEXIS 197705, at *5 (N.D. Tex. July 15, 2015) ("Courts have found waiver where the foreign state agrees contractually to waive immunity with regard to claims arising from the contract," citing *Capital Ventures Int'l v. Republic of Arg.*, 552 F.3d 289, 293-95 (2d Cir. 2009), and *Walker Int'l Holdings Ltd. v. Congo*, 395 F.3d 229, 234 (5th Cir. 2004)).

Here, PDVSA explicitly waived immunity from attachment and execution in the Note Agreement:

> To the extent that [PDVSA] … has or hereafter may acquire any immunity from jurisdiction of any court or from legal process, [PDVSA] … hereby waives such immunity and agrees not to assert, by way of motion, as a defense or otherwise, in any suit, action or proceeding … that it is immune from any legal process (whether through service of notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise) with respect to itself or its property or from attachment either prior to judgment or in aid of execution by reason of sovereign immunity.

Siev Decl. Ex. 4 § 9.15(c). Thus, there can be no question that the PDVH Shares are subject to attachment in aid of execution of D-R's judgment.

### 3. A Reasonable Amount of Time Has Passed Since Entry of Judgment

The reason behind the FSIA's requirement that a "reasonable amount of time" elapse following the judgment is to allow the foreign state "sufficient time to work through its internal

8

procedures to satisfy the judgment." *OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, 419 F. Supp. 3d 51, 54-55 (D.D.C. 2019). Thus, courts will look for "evidence that the foreign state is actively taking steps to pay the judgment, the steps necessary to pay the judgment, or evidence of evasion of the judgment." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2017 U.S. Dist. LEXIS 221611, at *2 (D.D.C. June 9, 2017).

Here, D-R obtained its judgment against PDVSA over ten months ago. On its face, such a period constitutes a reasonable amount of time following entry of the judgment. *See OI Eur. Grp. B.V.*, 419 F. Spp. 3d at 55 ("[F]ive months is typically longer than periods of time found reasonable by other courts in this district."); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("Although the necessary interim 'will of course vary according to the nuances of each case,' courts have found periods of three months and less reasonable." (collecting cases)). The absence of any indication that PDVSA has attempted or intends to satisfy its judgment bolsters this conclusion. *See OI Eur. Grp. B.V.*, 419 F. Spp. 3d at 55 (noting the lack of any "evidence of steps being taken to satisfy the judgment" in support of holding that five months was a reasonable period of time). Furthermore, PDVSA is, in this Court's words, a "highly-recalcitrant judgment debtor," *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2021 U.S. Dist. LEXIS 7793, at *57 (D. Del. Jan. 14, 2021), as evidenced by the fact that, since 2017, at least nine other judgment creditors have been compelled to register their judgments in this District in the hopes of attaching the PDVH shares and satisfying their judgments.[1] Accordingly, a reasonable amount of time has elapsed since entry of the judgment.

---

[1] *See Red Tree Invs., LLC v. Petroleos de Venez., S.A. et al.*, C.A. No. 1:22-mc-00068 (D. Del. Feb 08, 2022); *ACL1 Invs. Ltd. et al. v. Bolivarian Republic of Venez.*, C.A. No. 1:21-mc-00046 (D. Del. Feb 05, 2021); *Northrop Grumman Ship Systems, Inc. v. The Ministry of Def. of the Republic of Venez.*, C.A. No. 1:20-mc-00257 (D. Del. Jul 31, 2020); *Phillips Petroleum Co. Venez. Ltd. et al. v. Petroleos de Venez., S.A. et al.*, C.A. No. 1:19-mc-00342 (D. Del. Nov 26, 2019); *OI*

## II.     Sanctions Do Not Bar the Requested Relief

This Court is well-versed in the interplay between existing OFAC regulations and the efforts of judgment creditors of PDVSA and/or the Republic of Venezuela to take steps toward enforcing their respective judgments notwithstanding those sanctions. In *OI European Group B.V.*, this Court held that "OFAC sanctions do not prevent it from authorizing the eventual issuance of a writ of attachment, conditioned on some form of approval by the Executive Branch." 2022 U.S. Dist. LEXIS 36631, at *3. Since then, PDVSA requested permission from the United States Court of Appeals for the Third Circuit to appeal the Court's holding. *See OI European Grp. B.V, et al., v. Bolivarian Republic of Venez., et al.*, C.A. No. 22-8027 (3d Cir. May 16, 2022), D.I. 1. On July 26, 2022, PDVSA's petition was denied. *Id.*, D.I. 16.

In the interest of judicial economy, and because the sanctions regime is the same at present as it was on the date of the Court's decision in *OI European Group B.V.*, D-R will not repeat the Court's exhaustive analysis—now no longer subject to appeal—which rejected PDVSA's arguments that OFAC sanctions prevent the Court from authorizing the eventual issuance of a writ of attachment. That analysis applies in full force here.

## CONCLUSION

For the foregoing reasons, D-R respectfully requests that its motion be granted.

---

*European Grp. B.V. v. Bolivarian Republic of Venez.*, C.A. No. 1:19-mc-00290 (D. Del. Nov 04, 2019); *Tidewater Inv. SRL et al. v. Bolivarian Republic of Venez.*, C.A. No. 1:19-mc-00079 (D. Del. Apr 03, 2019); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, C.A. No. 1:17-mc-00151 (D. Del. Jun 19, 2017).

10

Dated: October 31, 2022

        Respectfully submitted,

        REED SMITH LLP

        */s/ Brian M. Rostocki*_____
        Brian M. Rostocki (No. 4599)
        1201 Market Street, Suite 1500
        Wilmington, DE 19801
        (302) 778-7500
        brostocki@reedsmith.com

        *Counsel for Plaintiff*
        *Dresser-Rand Company*